

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 14, 1967

Dr. J. W. Edgar
Texas Education Agency
Austin, Texas

Opinion No. M-123

Re: Whether House Bill 166,
Acts 60th Legislature
(Continuing Contract Law)
is mandatory or permissive
and related questions.

Dear Dr. Edgar:

You have requested the opinion of this office upon several questions concerning House Bill 166, Acts 60th Legislature, Regular Session, 1967, which is an act providing for a teacher tenure plan on the basis of a written "probationary contract" or "continuing contract."

The first question you posed is set forth as follows:

"1. Is House Bill 166 mandatory or permissive? That is to say: May public free school districts after August 28, 1967, contract their teachers pursuant to prior statutes: Article 2750a, 2750a-2, 2781, for future year(s) not to exceed three (2750a-2); in independent school districts, written or unwritten, for year(s) not to exceed three or five (2781)--and thereby not be subject to any provision set out in House Bill 166. Note: Section 3(d)."

Section 2 of House Bill 166, Acts 60th Legislature, Regular Session, 1967, reads as follows:

"Sec. 2. Teachers to be employed by either probationary contracts or continuing contracts. Each teacher hereafter employed by any school district in this State shall be employed under, and shall receive from such district, a contract that is either a 'probationary contract' or a 'continuing contract' in accordance with the provisions of this Act if the school board chooses to offer such teacher a 'probationary contract' or a 'continuing contract.' All such contracts shall be in writing, in such form as may be promulgated by or approved by the State

> Commissioner of Education of the State of Texas,
> and shall embody the terms and conditions of
> employment hereinafter set forth, and such
> other provisions not inconsistent with this
> Act, as may be appropriate." (Emphasis added.)

A cardinal rule of construction requires that we should give effect to every provision of a statute, if possible. We can also look to the legislative history during the course of enactment as an aid to construction. Felton v. Johnson, 112 Tex. 412, 247 S.W. 837, 70 A.L.R. 5 (1923).

House Committee Amendment Number One which was substituted for the original bill in the House of Representatives and adopted with amendments by the House of Representatives added the language, "if the school board chooses to offer the continuing contract." Later the Senate amended Section 2 of H.B. 166 to read as follows: "if the school board chooses to offer such teacher a 'probationary contract' or a 'continuing contract.'"

The Senate also added Section 9 as a new section to House Bill 166, making the Act cumulative of existing law, which section now reads as follows:

> "Sec. 9. All rights and privileges granted
> by this Act shall be cumulative of existing law,
> and should any portion hereof be found to be in
> conflict with any provision of existing law, the
> provision hereof shall prevail." (Emphasis added.)

The House of Representatives then adopted House Bill 166 as amended by the Senate.

By the addition of the above language to this bill, it appears that the Legislature intended to give school boards a choice of whether to adopt the tenure plan set out in this Act or to continue teacher contracts under existing law, making House Bill 166 a permissive Act.

It is our opinion that after August 28, 1967, public free school districts may contract with teachers pursuant to Articles 2750a, 2750a-2, 2781, Vernon's Civil Statutes, or if they choose they may contract with their teachers under the provisions of House Bill 166, Acts 60th Legislature, Regular Session; if the tenure plan as set out in House Bill 166, 60th Legislature, Regular Session, is adopted by a school board, then such tenure plan becomes mandatory for such school district.

Dr. J. W. Edgar, page 3 (M-123)

The second question you asked to be answered is as follows:

"2.  Are teachers as defined in Sec. 1(c),
who hold and districts which award(ed) written
contracts before August 28, 1967, pursuant to
present laws, subject to the provisions of House
Bill 166, especially those provisions concerning
rights, appeals and procedures prescribed in
Sections 3, 4, 5, 6, 7, and 8; or shall the pre-
vailing and differing Procedures on Hearings and
Appeals (copy enclosed) apply with respect to
them?"

In view of our holding that House Bill 166, Acts 60th
Legislature, Regular Session, 1967, is permissive, rather than
mandatory, and, further, that said bill is made cumulative of all
other laws, it is our opinion that unless a school board adopts
the provisions of House Bill 166, teacher contracts would be governed
by prior law.

Your third question is as follows:

"3.  If House Bill 166 is construed permis-
sive:  May a school district after August 28,
employ some of its teachers as defined in Sec.
1(c), under a written contract conforming and sub-
jecting them to House Bill 166; and contract other
such teachers pursuant to the prior existing laws,
the latter to be recognized as not holding a 'pro-
bationary' or 'continuing' contract within the
meaning of House Bill 166?"

We have answered that House Bill 166 is permissive; how-
ever, once a school board adopts the tenure plan, then in our opinion
all teacher contracts come under the terms and provisions of House
Bill 166.

Your fourth question asks whether or not House Bill 166
applies to the following personnel:

"a.  Administrative personnel; viz., super-
intendents, full-time principals and supervisors
who (as teacher is defined in Sec. 1c) may not
be 'engaged in classroom instruction of academic
subjects.'"

Sections 1(c) and 4(b) of House Bill 166, read as follows:

"(c)   'Teacher' means one engaged in class-
room instruction of academic subjects who holds
a permanent teaching certificate under the laws
of this State and for whom certification is re-
quired by the employing board of trustees.

".  .  .

"(b)   The board of trustees may grant to a
person who has served as superintendent, principal,
supervisor, or other person employed in any ad-
ministrative position for which certification is
required, at the completion of his service in such
capacity, a continuing contract to serve as a
teacher as defined in Subsection (c) of Section
1 above; and the period of service in such other
capacity shall be construed as contract service
as a teacher within the meaning of this Act."

It is our opinion that in construing the above provisions, adminis-
trative personnel do not come under the provisions of House Bill
166 if they are not engaged in classroom instruction.

You next ask whether the Act covers:

"Vocational teachers who instruct in full
time vocational subjects only, as distinguished
from academic subjects."

Webster's Third International Dictionary defines the
following terms:

"Academic - One (as a professor or student)
that is associated with or a member of an in-
stitution of learning (as a university)."

"Teacher - One that teaches or instructs;
one whose occupation is to instruct."

"Vocational Education - Training for a
specific occupation in agriculture, trade, or
industry through a combination of theoretical
teaching and practical experience provided by
many high schools in their commercial and technical
divisions, and by special institutions of col-
legiate standing (as a college of agriculture, a
school of engineering, or a technical institute.)"

Therefore, as vocational teachers teach theory in classrooms, as well
as instruct in the practical aspects of such vocational training, it

is our opinion that a vocational teacher would come under the provisions of this Act.

Your letter sets out that:

"Relative to paragraphs a and b: It is observed that the 'probationary' contract shall begin on September 1, whereas Article 2781 provides that all twelve-month contracts shall begin on July 1. Most superintendents and principals are employed for twelve months, as are some of the vocational teachers and other professional employees. See also: Section 4(b)."

It is our opinion that contracts entered into under prior laws will commence on the date set out under those laws and the contracts entered into under House Bill 166, will commence on September 1st of each year.

You also ask whether the Act applies to:

"A part-time principal who does no: teaching; or one who does some teaching."

Any part-time principal who does part-time teaching would be considered a teacher under the provisions of Sec. 1(c), supra, and any principal who does no teaching would not come under the provisions of this Act.

In addition you ask whether the Act includes:

"Librarians and visiting teachers designated as special service teachers (Article 2922-12, Sec. 2) but who do not engage in classroom instructions."

Under the terms of Sec. 1(c), supra, only those engaged in classroom instruction can qualify to come under the provisions of House Bill 166.

Your final question is as follows:

"Finally, would this Agency be correct in construing House Bill 166 as not having application to teachers of State institutional independent school districts (created under Article 2666 prior to enactment of Article 2756c or subsequent thereto by creative laws, Article 2668a, et seq.) such as,

The Texas School for the Blind and Texas School for the Deaf placed under the jurisdiction of the Central Education Agency (Article 2654-1, Sections 4 and 5), and whose employees like other State employees are primarily financed, provided for in and subject to the provisions of the general appropriation bill. See: House Bill 12, 59th Legislature, Regular Session, 1965, Article IV, at pages 185-187."

Section 1(a) of House Bill 166, reads as follows:

"(a) 'School district' shall mean and include any independent school district, rural high school district, common school district, or other public free school corporation created or organized under the laws of this State, and any city or town having control of the public free schools therein."

By the terms of the definition of "School district", as above set out, the provisions of House Bill 166, would not apply to those state schools set out in your final question.

## SUMMARY

1. House Bill 166, 60th Legislature, Regular Session, 1967, is discretionary in that after August 28, 1967, a school board is given a choice of coming under the Act by adopting the tenure plan set out in said Act, or continuing to contract under prior existing laws.

2. Once the school board adopts the tenure plan set out in House Bill 166, 60th Legislature, Regular Session, 1967, the tenure plan becomes mandatory for such school district.

3. Administrative personnel do not come under the provisions of House Bill 166, 60th Legislature, Regular Session, 1967, unless they are engaged in classroom instructions, if the tenure plan is adopted by a school board.

4. Vocational teachers would come under the provisions of House Bill 166, 60th Legislature, Regular Session, 1967, if the tenure plan is adopted by a school board.

5. House Bill 166, 60th Legislature, Regular Session, 1967, does not apply to teachers of State institutional independent school districts such as The Texas School for the Blind and Texas School for the Deaf.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

A. J. Carubbi, Jr., Chairman
Staff Legal Assistant
W. O. Shultz, Co-Chairman
Pat Bailey
Houghton Brownlee
James Broadhurst